# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

DORIAN RAGLAND,

    Movant,

vs.

UNITED STATES OF AMERICA.

No. C10-58-LRR
No. CR06-01-LRR

**ORDER**

_____

This matter appears before the court on Dorian Ragland's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 ("motion") (civil docket no. 1) and motion to amend (civil docket no. 5). Dorian Ragland ("the movant") filed the motion[1] on September 20, 2010. On October 27, 2010, the court, among other things, directed the government to file a brief in response to the claims that the movant included in the motion. *See* October 27, 2010 Order (civil docket no. 2). On December 1, 2010, the government filed a resistance to the motion (civil docket no. 3). On December 8, 2010, Ragland filed the motion to amend. On December 10, 2010, the government filed a resistance to the motion to amend (civil docket no. 6). On January 3, 2011, the movant filed a reply to the government's resistance to the motion (civil docket no. 7). On January 5, 2011, the movant filed a reply to the government's resistance to the motion to amend (civil docket no. 8).

---

[1] In his timely motion to vacate, set aside or correct sentence, the movant asserts that counsel provided ineffective assistance when: (1) counsel failed to challenge the timeliness of the Indictment; (2) counsel failed to call a witness who testified in the movant's previous trial that resulted in a hung jury; (3) counsel failed to allege that there was insufficient evidence to prove the victim's death was the result of the heroin that the movant distributed; (4) counsel failed to object to a portion of the government's closing argument; and (5) counsel failed to challenge the admission of evidence under Federal Rule of Evidence 801(d)(2)(E).

The court now turns to consider the movant's motion to amend and motion.

In the movant's motion to amend, the claim that the movant seeks to add to the motion relates to counsel's alleged failure to challenge jury instruction number 13. In the resistance to the motion to amend, the government argues that the court should deny the motion to amend because the additional "claim is barred by the statute of limitations" and because the claim "does not relate back to the original petition." Resistance to Motion to Amend at 1. Although the movant does not assert this issue as a stand-alone claim in the motion, he does argue that "[d]efense counsel should have objected to . . . jury instruction [n]umber 13" and counsel's failure to do so "amounts to ineffective assistance of counsel." Brief in Support of Motion (civil docket no. 1-1) at 18. The court finds that the amended claim sufficiently relates back to the original petition and will consider the movant's argument that counsel was ineffective for failure to challenge jury instruction number 13. Accordingly, the court shall grant the movant's motion to amend.

A district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255. *See United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986). In exercising that discretion, the district court must determine whether the alleged facts, if true, entitle the movant to relief. *See Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996). "Accordingly, [a district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing] if (1) the . . . allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (citations omitted); *see also Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) (stating that an evidentiary hearing is unnecessary where allegations, even if true, do not warrant relief or allegations cannot be accepted as true because they are contradicted by the record or lack factual evidence and rely on conclusive statements); *United States v. Hester*, 489 F.2d 48, 50 (8th Cir. 1973) (stating that no evidentiary hearing

is necessary where the files and records of the case demonstrate that relief is unavailable or where the motion is based on a question of law). Stated differently, the court can dismiss a 28 U.S.C. § 2255 motion without a hearing where "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *accord Standing Bear v. United States*, 68 F.3d 271, 272 (8th Cir. 1995) (per curiam).

The court concludes that it is able to resolve the movant's claims from the record. *See Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993) (holding "[a]ll of the information that the court needed to make its decision with regard to [the movant's] claims was included in the record" and, therefore, the court "was not required to hold an evidentiary hearing" (citing Rule Governing Section 2255 Proceedings 8(a) and *United States v. Raddatz*, 447 U.S. 667, 674 (1980))). The evidence of record conclusively demonstrates that the movant is not entitled to the relief sought. Specifically, it indicates that counsel represented the movant in a manner that comports with the requirements of the Sixth Amendment. As such, the court finds that there is no need for an evidentiary hearing.

With respect to the merits of the movant's claims, the court deems it appropriate to deny the movant's 28 U.S.C. § 2255 motion for the reasons stated in the government's resistance to the motion. The government's brief adequately sets forth the law that is applicable to the facts in the movant's case. Specifically, the government correctly concludes that all of the movant's ineffective assistance of counsel claims are without merit.

Moreover, the court thoroughly reviewed the record and finds that the denial of the movant's 28 U.S.C. § 2255 motion comports with the Constitution, results in no "miscarriage of justice" and is consistent with the "rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962); *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987))).

The court concludes that the conduct of counsel fell within a wide range of reasonable professional assistance, *Strickland v. Washington*, 466 U.S. 668, 689 (1984), and counsel's performance did not prejudice the movant's defense, *id*. at 692-94. The movant's assertions about counsel do not lead the court to conclude that a violation of the Sixth Amendment occurred.

First, the movant claims that counsel was ineffective because he failed to challenge the Indictment for being untimely. However, contrary to the movant's assertions, the applicable statute of limitations ran from January 10, 2001, through January 10, 2006. *See* 18 U.S.C. § 3282(a) (stating that "no person shall be prosecuted . . . unless the indictment is found or the information is instituted within five years next after such offense shall have been committed"); Fed. R. Crim. P. 45(a) (stating that when a time period is stated in days or a longer unit of time and the statute does not specify a method for computing time, the period should be calculated by "exclud[ing] the day of the event that triggers the period"). The movant committed the offense on January 9, 2001, and, therefore, the statute of limitations began to run on January 10, 2001. Apart from a criminal information being filed by the government on January 9, 2006, the grand jury returned the Indictment against the movant on January 10, 2006, the last day of the statute of limitations period. Therefore, the Indictment was timely and the movant's argument that counsel was ineffective for failing to challenge the Indictment for being untimely is without merit.

Second, the movant asserts that counsel was ineffective because he failed to call a witness who had testified in the movant's previous trial that resulted in a hung jury. The movant argues that counsel should have called Annie McEniry, the victim's girlfriend, to testify at trial because, at his prior trial that resulted in a hung jury, McEniry testified that she did not recognize the movant. With respect to this claim, the movant has failed to prove either deficient performance or prejudice. Counsel's decision not to call the witness was strategic and did not fall outside of the range of reasonable professional assistance. *Strickland*, 466 U.S. at 689; *see also Williams v. Armontrout*, 912 F.2d 924, 934 (8th Cir.

4

1990) ("Decisions relating to witness selection are normally left to counsel's judgment, and 'this judgment will not be second-guessed by hindsight.'" (quoting *Frank v. Brookhart*, 877 F.2d 671, 674 (8th Cir. 1989))). McEniry offered testimony that may have benefitted the movant at the prior trial, but the government also impeached that testimony. Further, McEniry provided additional testimony that was harmful to the movant's case. Therefore, the movant has neither shown that counsel's decision not to call McEniry at trial qualifies as deficient performance nor has he shown that the decision prejudiced his defense. *Strickland*, 466 U.S. at 689, 692-94.

Third, the movant argues that counsel was ineffective for failing to challenge whether the heroin that the movant distributed to the victim was sufficient to hold the movant liable for the victim's death when other drugs also contributed to the death. However, as the government correctly points out, the government is not required to prove that the heroin alone killed the victim. Rather, the government only has to show that the heroin contributed to the victim's death. *See United States v. Monnier*, 412 F.3d 859, 862 (8th Cir. 2005) (finding that the government did not have to "prove that the methamphetamine [the defendant] provided to [the victim] was actually enough to kill her" when defendant was convicted for distribution of methamphetamine that resulted in death (internal quotation marks omitted)). Thus, the court finds that this claim is without merit.

Fourth, the movant argues that counsel was ineffective for failing to object to the prosecutor's statement during closing arguments reciting jury instruction number 13 and for counsel's failure to object to jury instruction number 13. The movant argues that the jury instruction misstates the charging statute by instructing the jury to determine whether "the heroin distributed by the defendant contributed to [the victim's] death." Final Jury Instructions (criminal docket no. 89) at 15. The movant claims that the jury should have been asked to determine whether the heroin that the movant distributed to the victim, by itself, caused the victim's death. However, the Eighth Circuit Court of Appeals has held that, in order to convict a defendant under the statute, the government is not required to

5

prove that the controlled substance that the defendant provided the victim was enough to kill the victim. *Monnier*, 412 F.3d at 862. Rather, the government has to show that the heroin contributed to the victim's death. *Id.* Because jury instruction number 13 is appropriate under the applicable law, counsel was not deficient and the movant was not prejudiced by counsel's decision not to object to the prosecutor's statements during closing arguments or to jury instruction number 13.

Finally, the movant contends that counsel was ineffective for failing to object to the admission of evidence under Federal Rule of Evidence 801(d)(2)(E), which classifies statements made by a "coconspirator during and in furtherance of the conspiracy" as non-hearsay. Fed. R. Evid. 801(d)(2)(E). However, counsel objected to the admissibility of such evidence at trial and on appeal. *See United States v. Ragland*, 555 F.3d 706, 713 (8th Cir. 2009) ("[T]he evidence supported the district court's conclusion that a conspiracy existed."). Therefore, because counsel objected to the admission of such evidence, counsel's performance was not deficient. Further, because the statements were admissible, the movant was not prejudiced. *See id.* at 714 ("We therefore conclude that the district court did not abuse its discretion in determining that these statements were . . . admissible under § 801(d)(2)(E)."); *see also Bourjaily v. United States*, 483 U.S. 171, 176 (1987) (holding that, "when the preliminary facts relevant to Rule 801(d)(2)(E) are disputed, the [government] must prove them by a preponderance of the evidence").

In sum, the alleged errors that the movant asserts do not warrant relief under 28 U.S.C. § 2255. The movant's claims are without merit. Based on the foregoing, the court shall deny the movant's 28 U.S.C. § 2255 motion.

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order is subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(B). A district court possesses the authority to issue certificates of appealability

under 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000) (per curriam); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the movant must demonstrate that the issues are debatable among reasonable jurists, a court could resolve the issues differently or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that the movant failed to make the requisite "substantial showing" with respect to the claims that he raised in his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because he does not present a question of substance for appellate review, there is no reason to grant a certificate of appealability. Accordingly, the court shall deny a certificate of appealability. If he desires further review of his 28 U.S.C. § 2255 motion, the movant may

request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

**IT IS THEREFORE ORDERED:**

(1) The movant's motion to amend (civil docket no. 5) is granted.

(2) The movant's 28 U.S.C. § 2255 motion (civil docket no. 1) is denied.

(3) A certificate of appealability is denied.

**DATED** this 18th day of January, 2013.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA